UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER LIPPMANN,<br>36-38 NORTH WATER STREET LLC<br><br>                Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | Civil Action No. 3:17-cv-00918<br><br>(Connecticut Superior Court, J.D. of New Haven, at New Haven, No. NNH-CV-17-6070462-S)<br><br>June 5, 2017 |

## NOTICE OF REMOVAL

Pursuant to Title 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and the Local Standing Order on Removed Cases, defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby gives notice of the removal of the matter captioned as *Walter Lippmann, 36-38 North Water Street, LLC v. Wells Fargo Bank, N.A.,* pending in the Connecticut Superior Court, Judicial District of New Haven at New Haven, Docket No. NNH-CV-17-6070462-S (the "State Court Proceeding"). The ground for removal is original jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support of its removal, Defendant states as follows:

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs have asserted a total of four counts. According to the Complaint, Plaintiff Walter Lippmann ("Plaintiff Lippmann") was the principal member of 36-38 North Water St., LLC ("Plaintiff LLC").[1] Complaint ("Compl."), ¶¶ 1, 2. In 2000, Plaintiff LLC acquired title to property at 36-38 North Water Street in Greenwich, Connecticut ("the Property"). *Id.* ¶ 1. In

---

[1] A true and correct copy of the Complaint purportedly served on Wells Fargo is attached hereto at Exhibit A. A true and correct copy of the Summons purportedly served on Wells Fargo is attached hereto at Exhibit B. By citing to Plaintiff's allegations to establish the controversy, Wells Fargo is not admitting them. Wells Fargo denies Plaintiff's allegations.

2006, Plaintiff LLC granted a mortgage in the Property to Wells Fargo. *Id.* ¶ 5.

Plaintiffs allege that, in 2013, Wells Fargo "represented that a policy of flood insurance was then required" and acquired said policy. *Id*. ¶ 8. The Complaint further alleges that Plaintiffs disputed the need for flood insurance and requested supporting documentation from Wells Fargo. *Id.* ¶ 8. Plaintiffs further allege that they obtained and maintained flood insurance and obtained documentation that flood insurance was not required, all at their own cost and expense. *Id*. ¶¶ 10-11. Plaintiffs retained counsel. *Id.* ¶ 13. The Complaint also alleges that Wells Fargo admitted in 2016 that the insurance was not required. *Id.* ¶ 12.

The Complaint further alleges that Wells Fargo negligently disclosed account information, including account statements, to the counsel retained with respect to the flood insurance dispute without Plaintiffs' authorization. *Id.* ¶¶ 16-19. Plaintiffs further allege that Wells Fargo violated 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"), by reporting that Plaintiffs were delinquent after attempting to debit the wrong account for payment. *Id.* at Third Count, ¶¶ 10-13. Additionally, Plaintiffs allege that Wells Fargo's actions violate both the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA") by requiring Plaintiffs to maintain flood insurance on the Property. *Id.* at Fourth Count ¶¶ 14, 15, 30-33.

Plaintiffs seek money damages, punitive damages, statutory damages, attorney's fees and costs. *Id.* at p. 10. No specific amount of damages in identified in the Complaint.

## TIMELINESS OF REMOVAL

Plaintiffs filed the State Court Proceeding on or about May 17, 2017. They purport to have served Wells Fargo with a Summons, Complaint and Statement of Amount in Demand on May 4, 2017. (*See* Exhibits A and B.) This Notice of Removal is timely as it is filed within thirty (30) days of the purported service on Wells Fargo. 28 U.S.C. § 1446.

## JURISDICTION

**A.     This Court has Original Jurisdiction Under 28 U.S.C. § 1331.**

A civil action brought in a state court of which the federal district court has original jurisdiction may be removed by a defendant.  28 U.S.C. § 1441(a).  The federal district courts have original jurisdiction over civil actions arising under, *inter alia*, the laws of the United States.  28 U.S.C. § 1331.  Here, this Court has original jurisdiction over Plaintiff's Eighth and Ninth "Cause of Action" asserted in the Complaint.  Plaintiffs' "Third Count" alleges violations of the FCRA.  This claim "arises" under federal law and may therefore be removed pursuant to 28 U.S.C. § 1441(a).

This Court also has supplemental jurisdiction over Plaintiff's state law claims asserted in the Complaint.  28 U.S.C. § 1367(a) provides, in pertinent part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*Id.*  Claims over which a federal district court has supplemental jurisdiction may be removed pursuant to 28 U.S.C. § 1441(a).  Here, Plaintiffs' state law claims are all asserted in conjunction with his four causes of action, each one of which is predicated upon the same alleged facts as those which ground Plaintiffs' claim for violations of federal law.  Each of the state causes of action arise out of the same controversy that Plaintiff sets forth.  Thus, the underlying allegations supporting Plaintiff's state law claims are the same as the allegations supporting his claims under FCRA.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims and they may be removed pursuant to 28 U.S.C. § 1441(a).

**B.     This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332**

Pursuant to 27 U.S.C. § 1332 there is complete diversity between Plaintiffs and Defendant.  The jurisdiction of the federal courts is measured from the date that the action was brought.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004).

**1.     The Complete Diversity Requirement Is Satisfied.**

The Complaint alleges that Plaintiff LLC is a "Connecticut limited liability company" and Plaintiff Lippmann is "a resident of Madison Connecticut."  (Compl., at ¶¶ 1, 2).  Residence is prima facie evidence of domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Wells Fargo is and was as of the date of the filing of the Complaint a National Association, federally chartered with the Office of the Comptroller of Currency of the United States Department of the Treasury.  For purposes of federal diversity subject matter jurisdiction, a National Association is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo's main office, as set forth in its articles of association, is and was at the time of the filing of the Complaint located in Sioux Falls, South Dakota.  (*See* Corporate Disclosure Statement.) Accordingly, Wells Fargo is a citizen of South Dakota.

**2.     The $75,000 Amount In Controversy Is Satisfied.**

Federal diversity jurisdiction requires an amount-in-controversy of at least $75,000.  *See* 28 U.S.C. § 1332(a).  This amount is measured as of the time that a complaint is filed and it is established by the face of the complaint and the dollar-amount actually claimed.  *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961); *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506

(2d Cir. 2005); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

      The $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) is met.  The damages that Plaintiffs seeks from Wells Fargo are based on the allegations that in 2013 Wells Fargo "represented that a policy of flood insurance was then required", acquired said policy and required Plaintiffs to pay for it.  *Id.* ¶ 8.  In addition to paying for a flood insurance policy, Plaintiffs allege to have incurred further damages by retaining counsel while disputing the flood insurance.  *Id.* ¶ 13.  Plaintiffs claim to be further damaged by Wells Fargo's disclosure of account information to the counsel retained to assist with the flood insurance dispute.  *Id.* ¶ 15-19.  Plaintiff Lippmann further alleges that he suffered emotional distress as a result of the disclosures to counsel.  *Id.* ¶ 19.  Additionally, Plaintiffs seek damages for the alleged improper debiting of the wrong bank account and the resulting delinquency.  *Id.* at Third Count, ¶¶ 10-13.  With respect to the First through Third Claims, Plaintiff seeks damages, costs and punitive damages.  *Id.* at p 10.  With respect to his claims under CUIPA and CUTPA (Fourth Count), Plaintiffs seek damages, interest, costs, attorney's fees and punitive damages under Conn. Gen. Stat. §§ 38a-815, 42-110g.  *Id.* pp. 8-10.

      Wells Fargo denies that Plaintiff is entitled to anything by the Complaint.  Nevertheless, the amount in controversy is dictated by Plaintiff's claims, not by their merit or lack of merit.  28 U.S.C. § 1332(a); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (recognizing that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.").  Thus, "the court's analysis of the amount in controversy focuses on whether a removing defendant has shown reasonable probability that

more than [the jurisdictional threshold] is in controversy *at the time of removal*." *Id*. (emphasis in original).

Accordingly, this Court has diversity jurisdiction over this action.

## VENUE

Venue is proper in the United States District Court for the District of Connecticut pursuant to §§1441 and 1446 because the State Court Proceeding was brought in the Connecticut Superior Court within this District and this is the judicial district in which the action arose.

## NOTICE OF REMOVAL

As required by 28 U.S.C. § 1446(d), this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Court in the State Court Proceeding. A copy of the state court notice to be filed (without exhibits) is attached as Exhibit C. True and correct copies of all "process, pleadings, and orders served" upon Wells Fargo in the action are attached as Exhibits A, and B in compliance with 28 U.S.C. § 1446(a).

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., hereby effects the removal of the cause and requests that this Court maintain jurisdiction over it as provided by law.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By its attorneys,

/s/ David M. Bizar
David M. Bizar (CT20444)
dbizar@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4874
Dated: June 5, 2017           Facsimile: (617) 790-5368

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2017, a true copy of the foregoing was served via first class mail upon all parties of record, as follows:

DAVID L DENVIR
118 CHITTENDEN ROAD
KILLINGWORTH, CT 06419

                                                /s/ David M. Bizar
                                                David M. Bizar