# Exhibit B

RETURN DATE:        MAY 23, 2017    :     SUPERIOR COURT

36-38 NORTH WATER ST., LLC, ET AL    :     J.D. OF NEW HAVEN

V.                               :     AT NEW HAVEN

WELLS FARGO BANK, N.A.          :     APRIL 23, 2017

## <u>COMPLAINT</u>

<u>FIRST COUNT</u>

1. At all times herein, the Plaintiff 36-38 North Water St., LLC (hereinafter 'the LLC')
   was and is a Connecticut limited liability company in good standing, with principal
   offices at 11 Sycamore Lane, Madison, Connecticut, and the owner of real
   property with improvements thereon located at 36-38 North Water Street, in
   Greenwich, Connecticut (hereinafter 'the Premises').

2. At all times herein, the Plaintiff, Walter Lippmann (hereinafter 'Lippmann'), was a
   resident of Madison, Connecticut and the principal member of the LLC.

3. At all times herein the Defendant, Wells Fargo Bank, N.A. (hereinafter 'Wells
   Fargo') was a corporation with principal offices at 464 California St., in San
   Francisco, California; and, engaged in the business of international banking,
   including providing private and commercial banking services at multiple locations

in multiple states throughout the United States, and was registered to transact business in Connecticut and was transacting business throughout Connecticut.

4.  At all times herein, Lippmann and the LLC utilized the services of Wells Fargo for personal and business and commercial banking in Connecticut.

5.  By means of an instrument recorded at Volume 3372, Page 172 of the Greenwich, Connecticut land records, the LLC acquired the Premises in the year 2000.  By instrument recorded at Volume 5259 at Page 106 of the Greenwich, Connecticut land records, the LLC granted a mortgage interest (hereinafter 'the Mortgage') upon the Premises to Wells Fargo in the year 2006.

6.  At the time that the aforesaid Mortgage transaction was finalized, no policy of flood insurance insuring the Premises was required by Wells Fargo as condition of funding the loan secured by the Mortgage.

7.  At all times the LLC and Lippmann adhered to all obligations, responsibilities and requirements inuring to them under the Mortgage.

8.  On or about September 2013, Wells Fargo, without cause, represented that a policy of flood insurance was then required to insure against a loss to the Premises and acquired a policy of flood insurance upon the Premises and required that the LLC, and/or Lippmann, pay for the insurance.  Lippmann, and through him, the LLC, disputed the need for flood insurance and requested documentation from Wells Fargo to support their acquisition of the insurance.

9.  Wells Fargo never provided the requested documentation.

10. Thereafter, the LLC, by and through the actions of Lippmann, acquired its own policy of flood insurance for the Premises and made full payment for the insurance.  At all times while such coverage remained in place, Lippmann and the LLC engaged in dispute with Wells Fargo as to the requirement for such insurance, and requested documentation and/or the basis for Wells Fargo's representation that flood insurance was required.  The documentation was never provided and Lippmann and the LLC were required to maintain the flood insurance, at their cost and expense, for more than two years.

11. Lippmann and the LLC, at their own cost and expense, obtained documentation certifying that the Premises did not require flood insurance coverage.

12. In 2016 Wells Fargo acknowledged that flood insurance was not, and never was, necessary.

13. Lippmann and the LLC engaged legal counsel in the course of the dispute with Wells Fargo regarding the flood insurance and incurred expenses and costs, including but not limited to, unnecessary flood insurance and legal fees.


SECOND COUNT

1   – 13.   Paragraphs 1-13 of the First Count are hereby made Paragraphs 1-13 of the Second Count and incorporated herein.

14. At all times herein, Lippmann was a member of a Connecticut limited liability company in good standing known as 42 North Water Street LLC (hereinafter 42 LLC). Lippmann was not and is not the sole member of that Limited Liability Company.

15. Wells Fargo has an affirmative obligation to safeguard and protect the personal information and bank transaction information of Lippmann, the LLC and all Wells Fargo customers and to assure that Wells Fargo does not disclose that information to any third parties without the consent of its customers.

16. On or about January 2016 Wells Fargo, without reason, cause or consent, began to direct and continued to direct all written banking statements, correspondence, notices, summaries, reports and other matters (hereinafter 'private documents') regarding Lippmann, the LLC, and 42 LLC to the legal counsel that Lippmann and the LLC had engaged to dispute of the flood insurance.

17. Said disclosure was improper, unwarranted, without basis, and contrary to the rights and interests of Lippmann, the LLC, and 42 LLC, as secured by the deposit agreements between those parties and Wells Fargo, and provisions of federal, state and common law regarding privacy, private information, protection of private and personal data, and disclosure of such data, and a breach of Wells Fargo's fiduciary duties and obligations to Lippmann and the LLC.

4

18. The unauthorized disclosure was the result of the negligent action of Wells Fargo and its agents and employees, in that:

   a. Wells Fargo knew or should have known that such disclosure was not authorized;

   b. Wells Fargo failed to obtain the consent of Lippmann or the LLC to mail the materials to legal counsel retained by Lippmann and the LLC to dispute the flood insurance;

   c. Wells Fargo knew or should have known that at no time was the Lippmann interest in 42 North Water Street LLC relevant to the dispute regarding flood insurance.

19. The unauthorized disclosure has caused and continues to cause Lippmann emotional distress.

THIRD COUNT

1. Paragraphs 1-5 of the First Count are hereby made Counts 1-5 of the Third Count and incorporated herein.

7. Documents executed by Lippmann and the LLC in the course of securing the loan and granting the Mortgage to Wells Fargo included authorization for an automatic monthly debit by Wells Fargo, from an existing Wells Fargo bank account maintained by Lippmann (hereinafter 'Account A'), of the monthly

5

payment due to Wells Fargo under the Mortgage.  Those documents were

prepared and provided by Wells Fargo for use at the closing of the Mortgage, and

specifically listed the identifying account number of Account A.

8.  At all times thereafter, Lippmann maintained sufficient funds in Account A so as

to fully fund the monthly debit and fully pay the monthly Mortgage obligation.

9.  Beginning on or about July 2015, and continuing for many months thereafter,

Wells Fargo did not debit Account A or apply funds from Account A to the

Mortgage payments that became due.  Instead, Wells Fargo, without

authorization or consent from Lippmann or the LLC, debited a different Lippmann

account (hereinafter Account B) that was not designated or authorized for

automatic debit.

10.  The debits by Wells Fargo from Account B exhausted all funds in Account B, and

Wells Fargo continued to incorrectly debit Account B for a period of months.   As

a result, insufficient funds were debited to satisfy the monthly Mortgage payment.

11.  As a result of the insufficient payments caused by the error of Wells Fargo

in debiting the wrong account, Wells Fargo reported to credit reporting

agencies on numerous occasions that Lippmann and the LLC were delinquent on

payments of the Mortgage.

12.  The debit of the wrong account and reporting of delinquency was improper,

unwarranted, without basis, and contrary to the rights of Lippmann and the

LLC, as secured by the Mortgage agreement, the deposit agreements between those parties and Wells Fargo, the loan and Mortgage documents, and provisions of federal, state and common law regarding privacy, private information, protection of private and personal data, disclosure of such data and provisions of the Fair Credit Reporting Act.

13. The incorrect debiting and unlawful reporting of delinquency was the result of the negligent action of Wells Fargo and its agents and employees in that:

    a.  Wells Fargo knew or should have known that it was debiting the wrong account;

    b.  Wells Fargo failed to obtain the consent of Lippmann or the LLC to debit account B;

    c.  Wells Fargo knew or should have known that Lippmann and the LLC maintained sufficient funds in Account A to satisfy all mortgage payments when due;

    d.  Wells Fargo failed to detect its error and debit the correct account;

    e.  Wells Fargo failed to investigate the actions of Lippmann and the LLC prior to reporting any payment delinquency.

14. The unauthorized disclosure has caused and continues to cause Lippmann emotional distress, and has caused damage to the reputation and personal credit history of Lippmann and the LLC.

FOURTH COUNT

1.  Paragraphs 1 – 13 of the First Count are hereby made paragraphs 1-13 of the Fourth Count and incorporated herein.

14. Wells Fargo has engaged in similar conduct with regard to other Wells Fargo mortgage loan transactions in Connecticut and other states, including but not limited to instances arising in Sarasota County, Florida, California City, California, and the town of Washington, Pennsylvania, with such frequency as to indicate a general business practice of 'force placing' unnecessary flood insurance upon mortgaged properties and causing borrowers to unnecessarily incur the expense of unneeded flood insurance.

15.   The foregoing actions constitute an unfair and deceptive insurance practice in derogation of Connecticut's CUIPA, Conn. Gen. Stat. 38a-815 et seq.

16 – 20. Paragraphs 14 – 18 of the Second Count are hereby made paragraphs 16 - 20 of the Fourth Count and incorporated herein.

21 – 27.  Paragraphs 7 – 13 of the Third Count are hereby made paragraphs 21 – 27 of the Fourth Count.

28.   Lippmann and the LLC are persons within the meaning of Conn. Gen. Stat. § 42-110a (3) and § 42-110g(a) and entitled to bring an action under CUTPA.

29.   At all relevant times, Wells Fargo was acting in the conduct of trade or commerce within the meaning of Conn. Gen. Stat. § 42-110a, et seq.

8

30. The foregoing actions of Wells Fargo constitute unfair and deceptive acts and practices in the conduct of trade or commerce and are unethical, unscrupulous and offensive to public policy, and are a violation of Conn. Gen. Stat. § 42-110b(a).  More particularly, Wells Fargo engaged in an intentional act of requiring and procuring flood insurance when none was needed, and in debiting the wrong account, and in reporting delinquency to credit reporting agencies when no delinquency had occurred.

31. As a result of the foregoing unfair and deceptive acts and practices, Lippmann and the LLC have suffered ascertainable loss within the meaning of Conn. Gen. Stat. § 42-110g(a).

32. The foregoing actions of Wells Fargo show calculated, deceitful and unfair conduct, and reckless indifference to the rights of Lippmann and the LLC. Accordingly, Wells Fargo is liable to Lippmann and the LLC for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).

33. Lippmann and the LLC are mailing a copy of this Complaint to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection for the State of Connecticut, as required by Conn. Gen. Stat. § 42-110g(c).

Wherefore, the plaintiffs seek:

1. Money damages;

2. Interest and costs;

3. Common law punitive damages;

4. Statutory damages and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g;

5. Such other relief including fair, equitable and reasonable damages and the court

   may deem appropriate.

THE PLAINTIFFS

36-38 NORTH WATER ST., LLC
WALTER LIPPMANN

By David L. Denvir, Their Attorney
118 Chittenden Road
Killingworth, CT 06419
(203) 640-7048
ddenvir215@yahoo.com
Juris no. 400952

ATTEST:
A TRUE COPY
ARMANDO F. LUPO
CONNECTICUT MARSHAL
HARTFORD COUNTY

10

RETURN DATE:       MAY 23, 2017      :      SUPERIOR COURT

36-38 NORTH WATER ST., LLC, ET AL     :      J.D. OF NEW HAVEN

V.                            :      AT NEW HAVEN

WELLS FARGO BANK, N.A.          :      APRIL 23, 2017

## STATEMENT OF AMOUNT IN DEMAND

    The Plaintiffs claim money damages in excess of Fifteen Thousand Dollars, ($15,000.00), exclusive of interest and costs.

                     THE PLAINTIFFS

                     36-38 NORTH WATER ST., LLC
                     WALTER LIPPMANN

                     By David L. Denvir, Their Attorney
                     118 Chittenden Road
                     Killingworth, CT  06419
                     (203) 640-7048
                     ddenvir215@yahoo.com
                     Juris no. 400952



ATTEST:
A TRUE COPY
ARMANDO F. LUPO
CONNECTICUT MARSHAL
HARTFORD COUNTY