UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER LIPPMANN,<br>36-38 NORTH WATER STREET LLC<br><br>                            Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A.,<br><br><br>                            Defendant. | Civil Action No. 3:17-cv-00918<br><br>July 12, 2017 |

## **MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby moves to dismiss the Complaint filed by Plaintiffs Walter Lippmann ("Lippmann") and 36-38 North Water Street LLC ("Plaintiff 36-38 North Water Street LLC") (jointly, the "Plaintiffs").

The First Count of the Complaint should be dismissed as to Lippmann pursuant to Rule 12(b)(1) for lack of standing, and should be dismissed in its entirety pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. It is barred by Connecticut's 3-year tort statute of limitations, and further fails to meet the heightened pleading requirements for misrepresentation (fraud) pursuant to Rule 9(b).

The Second Count of the Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a plausible claim of negligence, does not state a plausible claim that Lippmann suffered emotional distress, does not state a claim of intentional infliction of emotional distress, and does not state a plausible claim of damages.

**ORAL ARGUMENT IS REQUESTED**

The Third Count of the Complaint should be dismissed pursuant to Rule 12(b)(6) because it does not state a plausible claim of negligence, its credit reporting claim is preempted by the Fair Credit Reporting Act's absolute immunity provision at 15 U.S.C. § 1681t(b)(1)(F), and does not adequately plead a claim for negligent infliction of emotional distress.

The Fourth Count of the Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiffs' CUIPA claim is barred for lack of a private right of action.

The Fourth Count of the Complaint should further be dismissed pursuant to Rule 12(b)(6) because, to the extent that a plaintiff mail assert a private cause of action based on a substantive violation of CUIPA through the enforcement mechanism of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a), Plaintiffs have failed to allege any facts that show a violation of CUIPA.  Plaintiffs' CUTPA claim is also time-barred, a simple breach of contract cannot form the basis of a CUTPA violation, and to the extent Plaintiffs' CUTPA claim is based upon the furnishing of credit information, it is preempted by the Fair Credit Reporting Act's absolute immunity provision, 15 U.S.C. § 1681t(b)(1)(F).

Finally, Plaintiffs' fail to plead any facts that would justify the award of Punitive Damages in the Prayer for Relief.

Wells Fargo hereby relies upon its Memorandum of Law in Support of its Motion to Dismiss, with its attached <u>Exhibit A</u>, which are being filed herewith

WHEREFORE, Wells Fargo respectfully requests that the Court grant its motion and dismiss the Complaint without leave to amend.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By its attorneys,

/s/ David M. Bizar
David M. Bizar (CT20444)
dbizar@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4874
Facsimile: (617) 790-5368

Dated: July 12, 2017

CERTIFICATE OF SERVICE

    I hereby certify that on July 12, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

   /s/ David M. Bizar
David M. Bizar

3