# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

WALTER LIPPMANN,
36-38 NORTH WATER STREET LLC

              Plaintiffs,                          Civil Action No. 3:17-cv-00918

v.                                                  September 5, 2017

WELLS FARGO BANK, N.A.

              Defendant.

_____

The Plaintiffs submit this Memorandum of Law in support of the Plaintiffs' Objection To The Defendant's Motion To Dismiss.

## SUMMARY OF THE CLAIMS

The Plaintiffs, Walter Lippmann and 36-38 North Water Street, LLC (hereinafter "Lippmann" and "the LLC") are, respectively, a sole individual and a single member limited liability company, each with deposit and mortgage agreements with the Defendant Wells Fargo Bank (hereinafter "Defendant"). The Defendant is one of the largest financial institutions in the world. The Plaintiffs have presented a short and plain statement of their claims requesting relief from three specific acts of the Defendant. First, that the Defendant force placed flood insurance upon property of the LLC (of which Lippmann is the sole member) that was mortgaged to the Defendant. Second, that the Defendant repeatedly disclosed the Plaintiffs' confidential banking information to an unauthorized third party recipient. Third, that under terms of the mortgage agreement between the Defendant and the LLC, an account of Lippmann's was authorized by

1

Lippmann for automatic debits to service the mortgage.  However, the Defendant repeatedly debited the wrong Lippmann account, exhausted available funds; and, falsely reported to credit reporting agencies that Lippmann and the LLC were delinquent in their mortgage payments, when in fact there were sufficient funds in the correct, authorized account.  Finally, the Plaintiffs assert the Defendant's conduct in the three named claims constitute an unfair trade practice and unfair insurance practice.

The Defendant asserts that none of the four claims, as pleaded, state a claim upon which relief may be granted.

ARGUMENT

The Plaintiff's adopt the well-articulated legal standard within §1A and §1B of the Defendant's memorandum of law.  Specifically, that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct 1955, 167 L.Ed.2d 929. (2007).

The Plaintiff's do not adopt § 1C of the Defendant's memorandum, addressing F.R.C.P 9(b), as the Defendant's argument on that issue is an attempt to characterize the Plaintiffs' claims as grounded in tort, for the purpose of presenting a statute of limitations claim.

The four count complaint was originally filed in state court and removed by the Defendant.  The Defendant's 12(b)(6)  motion raises several arguments and the Plaintiffs will address them in the order presented within the Defendant's memorandum of law.

A.  <u>The LLC Has Standing To Bring The First Count</u>

The complaint, First Count, ¶5, alleges that the LLC mortgaged real estate in Greenwich, Connecticut to the Defendant in 2006, and the Defendant subsequently force placed flood insurance on that property beginning in 2013 and continuing through 2016.  The Defendant asserts Lippmann is not a party to the mortgage contract between the Defendant and the LLC and lacks standing to pursue the claims in the First Count.  The Defendant does not claim that the LLC lacks legal standing, or that the First Count does not establish the required legal relationship between the Defendant and the LLC to impart standing.  For that reason, the First Count should not be dismissed in its entirety on a claim of standing.

Within its argument asserting standing, the Defendant attempts the label the First Count as a tort claim, stating it "appears to attempt to set forward a claim of misrepresentation". (Defendant's Memorandum, § 2)  The Defendant's memorandum of law subsequently attempts to argue a tort statute of limitations claim. For this reason, it should be noted that within the Defendant's argument on Lippmann's legal standing, the Defendant acknowledged the cause of action, and origin, as contractual, concluding its argument on standing by stating "Lippmann lacks standing to sue for damages [sic] the imposition of and charges for force placed insurance under the mortgage contract".  (Defendant's Memorandum, § 2)

The LLC has standing to bring this claim under its chosen theory, including a claim arising in contract, and has sufficiently pleaded that claim.

Lippmann, however, has also been pleaded in the First Count as a party that sustained

loss as a result of the Defendant's actions in force placing insurance.  The complaint alleges Lippmann was required by the Defendant to procure the insurance, (First Count, ¶ 8), that Lippmann engaged the Defendant in a long-running dispute as to the need for the insurance (First Count, ¶ 10), that Lippmann, at his cost and expense, documented to the Defendant that the insurance was unnecessary (First Count, ¶11) and that Lippmann engaged counsel in the insurance dispute, incurring expenses and loss (First Count, ¶ 13).  The First Count also alleges that Lippmann's personal banking was conducted with the Defendant (First Count, ¶ 4).  In this regard the complaint alleges that Lippmann was required by the Defendant to acquire the insurance.

The Defendant claims that Lippmann lacks legal standing because he is not a party to the mortgage contract; but overlooks the pleaded claim that it was the Defendant that engaged Lippmann on all matters regarding the disputed flood insurance, and the Defendant imparted standing upon Lippmann by making him a part of the dispute.

B.  <u>First Count Is Not Time Barred</u>

The Defendant asserts the First Count is time barred under statutes governing tort law, presuming that Count is grounded in tort; yet recognizes in its prior argument challenging Lippmann's legal standing that the complaint has pleaded the existence and mutual obligations of a mortgage contract.  The Defendant does not assert the matter is time barred as a contract claim.

Even assuming the matter was not contractual, the loss to the Plaintiffs occurred each day the force placed insurance was required; at the least, it occurred during insurance renewals in 2014 and 2015.  Any one of the Defendant's actions in force placing the renewal policies would be actionable, rendering inapplicable the cited limitations statute, Conn.Gen.Stats. 52-577.

The Defendant further argues that a heightened pleading standard has not been met; again, an argument that would apply to a tort claim, not a claim stemming from a mortgage contract.  To that argument, however, the Plaintiffs have pleaded to the requirements by providing the precise statement of the Defendant – that unnecessary flood insurance was required – and the time of the statement, September 2013 and each year thereafter, through 2016.

C.  The Second Count Sufficiently Pleads Negligence

The Second Count alleges that the Defendant repeatedly, and without authorization and for a prolonged period distributed all banking statements, information, notices and account data of Lippmann, the LLC, and another LLC owned by Lippmann, to an unauthorized third party.  The Defendant alleges the Second Count does not sufficiently allege negligence, claiming that elements of duty, breach, causation and damages have not been pleaded.  (Defendant's Memorandum, § 4A)  As pleaded in the complaint, the Second Count alleges that the Plaintiffs conducted their banking with the Defendant (¶4), that the Defendant has an affirmative obligation to protect the Plaintiffs' banking information (¶15), that the Defendant improperly disclosed that banking information to an unauthorized third party (¶16) and that the Plaintiff, Lippmann, suffered loss (¶19).  The elements of negligence have been pleaded.

The Defendant further alleges that the Second Count does not specify the state or federal laws violated by the unauthorized disclosure, and should be dismissed as containing nothing more than sweeping legal conclusions.  The Defendant's supportive citations, however, require that the complaint fail a dual test in order to require dismissal.  First, it must lack a precise statutory reference underlying the claim.  Second, it must lack supportive facts.  The Second Count contains a precise source reference to the Defendant's obligation to secure the banking

information:  the deposit agreement (Second Count, ¶17).  It is not unreasonable to presume that the Defendant has sufficient familiarity with its own deposit agreements, and its own internal privacy policies incorporated into its deposit agreements, and all relevant banking and regulatory requirements, to know that a bank cannot disclose their customers' banking information to third parties without consent.   Further, the Second Count contains a clear allegation of facts underlying the claim, stating when the unauthorized disclosure began, what was disclosed and the unauthorized party receiving the disclosure.  (Second Count, ¶16).

The Second Count contains more than 'sweeping legal conclusions" and contains the elements of a negligence claim.

D.   The Second Count Sufficiently Pleads Negligent Infliction of Emotional Distress

The defendant next claims that the Plaintiffs failed to allege facts to sufficiently state a claim for negligent infliction of emotional distress.  The Defendant cites to *Miller v. Imaging on Call, LLC*, No. 3:13-CV-00679 JAM, 2015 WL 150287 (D.Conn. Jan. 12, 2015) as quoting *Hall v. Bergman*, 296 Conn 169 (2010), to claim the complaint must allege that (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress.  (Defendant's Memorandum, § B)

Directly to those points, the Second Count alleges that the Defendant, for no apparent reason and without consent, began to send all banking information of Lippmann, the LLC and a separate, Lippmann-owned LLC (named 42 North Water Street, LLC) to an unauthorized third party.  The banking information included bank statements, correspondence, notices, summaries, reports and other private documents (Second Count, ¶16).  In the age of identity theft, online

banking and credit practices and financial theft occurring over the internet and originating from countries throughout the world, it is foreseeable to any reasonable person, particularly an international bank, that unauthorized disclosure of banking records, including those that were not part of the flood insurance dispute, would cause emotional distress and that such distress could cause worry, upset, sleeplessness, anxiety or bodily harm.  The harm to be established need not be physical.  The Connecticut Supreme Court has concluded there is no logical reason for making a distinction, for purposes of determining liability, between those cases where the emotional distress results in bodily injury and those cases where there is emotional distress only. *Maloney v. Conroy,* 208 Conn. 392, 398, 545 A.2d 1059 (1988).  The only requirement is that the distress *might* result in illness or bodily harm. *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 448, 815 A.2d 119, 129 (2003).

In this regard, the Second Count has sufficiently pleaded such facts.  Even if it has not, the Defendant's citations to elements that must be pleaded in the cause of action interprets, but does not strictly follow, the cited holdings.  The cases cited within the Defendant's memorandum state the elements that must be proven to prevail upon the claim; they do hold a specific pleading standard that must be rigidly applied.   "To *prevail* (emph. added) on a claim of negligent infliction of emotional distress, the plaintiff is required to *prove* (emph. added) that "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress."  *Hall v. Bergman*, 296 Conn. 169, 994 A.2d 666, n.9 (2010).

E.   The Third Count Sufficiently States A Claim For Relief

The Third Count alleges that the mortgage agreement between the Defendant and the

LLC included the designation of an account from which the monthly mortgage payments would be debited, and that beginning in July 2015 the Defendant began to pay the mortgage by debiting a different account that was never authorized for such purpose.  It further alleges that thereafter, the unexpected debiting of that account depleted that account, and when the Defendant could no longer debit that account to pay the monthly mortgage installment, the Defendant falsely reported to credit reporting agencies that Lippmann and the LLC were delinquent in the mortgage payments.  The Defendant alleges the claim does not state the elements of negligence.

It is unlikely that the Defendant would deliberately debit the wrong account or incorrectly report delinquency.  As to the elements of a negligence claim, the Third Count alleges the following:  the existence of a mortgage agreement, which included documents prepared by the Defendant to establish the automatic debit (Third Count, ¶7), that the Defendant had a duty, as established under the deposit agreement, mortgage loan documents, and provisions of state and federal law not to debit an unauthorized account (Third Count, ¶12), that the wrong account was debited and the Defendant knew or should have known of the conduct it was engaged in (Third Count, ¶8, ¶13) and that Lippmann has been damaged (¶14).  Under the standard of a short and plain statement of the claim, the claim has been sufficiently pleaded.

F.  Argument Of Preemption Overlooks That The Third Count Alleges Federal Law

The Third Count alleges injury to the Plaintiffs caused by Defendant's improper reporting of credit delinquency.  The Count alleges a number of violations, including violations of the deposit agreements, loan and mortgage documents and provisions of federal, state and common law.  The Defendant claims that Plaintiffs' allegations of improper reporting are preempted by the Fair Credit Reporting Act.  The argument is not sufficiently applicable to require dismissal of the entire Count.

8

First, the Count alleges negligence as to matters unrelated to the improper reporting; thus, a claim of preemption is not sufficient to dismiss the entire Count.  Second, the Count as pleaded alleges violations of federal law, sufficiently enough for the Defendant to recognize the improper reporting as being a violation of the FCRA.  As the pleading sufficiently apprises the Defendant of the claim, it is sufficient as a short and plain statement of the claim.

G.  <u>The Fourth Count Alleges A CUTPA Violation For Many Reasons, Not Just CUIPA</u>

The Fourth Count incorporates all allegations of the First, Second and Third Counts and pleads that such actions by the Defendant represent unfair trade practices in violation of Connecticut's CUTPA statute, Conn.Gen.Stats. §42-110a, et seq.  The Fourth Count also asserts that one or more of the practices incorporated into the Fourth Count represent an unfair insurance practice.

The Defendant seeks dismissal of the entire Count for many reason; but, never raises the claim that the Count, as pleaded, does not contain the necessary elements to establish a CUTPA claim.

The Defendant's first claim is that there is no private cause of action for a CUIPA claim; an argument that  disregards the many other matters pleaded in the Count that do, as pleaded, present the necessary elements of a CUTPA claim.  The Fourth Count is not limited to a CUIPA claim and should not be dismissed on the basis of the Defendant's claim that the Count is so limited.

The Defendant also asserts the CUTPA claim is time barred, as arising from the claim of force placed insurance that first occurred in September 2013 and as pleaded in the First Count.  That argument, too, isolates one part of Fourth Count, disregarding the many claims incorporated into the Fourth Count that would not be time barred.  That matter notwithstanding, the force

placed flood insurance did not only occur in 2013; it occurred throughout 2013, 2014 and 2015. Each day, and each renewal of the force placed insurance, was a new occurrence.

Finally, the Defendant asserts that a simple breach of contract cannot sustain a CUTPA claim.  The Fourth Count alleges more than a breach of contract; it asserts a series of wrongs committed by an international bank – force placing insurance, debiting incorrect accounts, falsely reporting credit information and improperly disclosing private banking information – that are prohibited under a wide range of federal and state codes, statutes and regulations; legal requirements and compliance matters it may reasonably be presumed the Defendant knows of and expends great effort and expense to meet.  The Fourth Count alleges unfair and deceptive trade practices; it does not limit those practices to contractual breaches.

The Fourth Count contains all needed elements to plead a CUTPA violation.

CONCLUSION

For the foregoing reasons, the Plaintiffs' objection should be sustained.

Respectfully submitted
On behalf of the Plaintiffs,

By  /s/  David L. Denvir _____
David L. Denvir
CT21396
ddenvir215@yahoo.com
Law Office of David L. Denvir LLC
118 Chittenden Road
Killingworth, CT  06419
Tel.:  (203) 640 – 7048

10

CERTIFICATION


I certify that a copy of the foregoing was filed electronically and directed by first class mail to all parties s not able to accept electronic filing on September 5, 2017, and that notice of this filing will be directed by email to all parties by the Court's electronic filing system, or mail, as indicated on the Notice of Electronic Filing.  Registered parties may access this filing through the Court's CM/ECF.


/s/  David L. Denvir
David L. Denvir

11