UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER LIPPMANN,<br>36-38 NORTH WATER STREET<br>PLAINTIFF 36-38 NORTH WATER<br>STREET LLC<br><br>                Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | Civil Action No. 3:17-cv-00918-VAB<br><br>September 19, 2017 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Objection ("Objection") to Defendant's Motion to Dismiss ("Motion") is almost entirely non-responsive.[1] Where the Objection does address Wells Fargo's arguments, it fails to refute them. For the reasons below and in the Motion, the Complaint should be dismissed.

**ARGUMENT**

**1.     FIRST COUNT**

    **A.     Lippmann lacks standing**

The Objection makes a litany of new allegations for the First Count, that Lippmann performed the contractual obligations of 36-38 North Water Street LLC, such that Lippmann has standing to bring this count in his individual capacity. (*See* Objection at pp. 2-4.) Such new alleged facts and allegations, which are not pled in the Complaint, may not properly be interposed in response to a motion to dismiss. *See Tyrus v. Newton*, No. 3:13-cv-1486(SRU),

---

[1] Unless otherwise indicated, capitalized terms are defined in the Motion.

2015 WL 1471643 (D. Conn. Mar. 31, 2015) ("[t]he plaintiff may not now amend their . . . Complaint by asserting new allegations . . . in [their] memorandum in opposition to the motion to dismiss.").

Even if they are taken into account, they do not convey standing on Lippman to bring a claim against Wells Fargo. In the mortgage context when, as here, a party has

> never signed the mortgage or the note . . . he is not a "Borrower" pursuant to the mortgage. "Contract obligations are imposed because of conduct of parties manifesting consent, and are owed only to the specific individuals named in the contract . . . It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract . . . . Under this general proposition, if the plaintiff is neither a party to, nor a contemplated beneficiary of, [the] agreement, she lacks standing to bring her claim for breach of [contract].

*Deutsche Bank National Trust Company v. Cornelius*, 170 Conn. App. 104, 116 n.10 (quoting Wells Fargo Bank, N.A. v. Strong, 149 Conn. App. 384, 401, *cert. denied*, 312 Conn. 923 (2014) (citation and internal quotation marks omitted; brackets added by the court)).

The Objection concedes that Lippmann is not a party to the mortgage contract; rather, 36-38 North Water Street LLC is. (*See* Objection, 3-4.) Presumably, Lippman chose to enter into the mortgage contract through an LLC because he perceived some benefit through mortgaging the property through a corporate form, and that choice comes with legal consequences:

> A limited liability company is a distinct legal entity whose existence is separate from its members . . . . [It] has the power to sue or to be sued in its own name; *see* General Statutes §§ 34-124 (b) and 34–186; or may be a party to an action brought in its name by a member or manager . . . . *A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company* . . . .

*Scarfo v. Snow*, 168 Conn. App. 482, 497–98 (2016) (alterations in original; emphasis added) (quoting *Padawer v. Yur*, 142 Conn. App. 812, 817-818 (2013)). *See also O'Reilly v. Valletta*, 139 Conn. App. 208, 216 (2012), *cert. denied*, 308 Conn. 914, 1101 (2013). Thus, an individual member of an LLC lacks standing to sue for the activities involving the performance of that

contract when, as here, the "LLC, was the contemplated party to the contract with the defendant[], and . . . the assets intended to be transferred through the execution of that contract were assets belonging to the limited liability company, rather than the plaintiff individually." *Padawer*, 142 Conn. App. at 818. This is because "[i]f the defendants' alleged breach caused any harm, therefore, it was to [the] LLC, not to the plaintiff in his individual capacity." *Id*. Even if "the plaintiff is the sole member of [the] LLC, that does not impute ownership of the limited liability company's assets to the plaintiff." *Id*. (citing Conn. Gen. Stat. § 34-167(a) ("Property . . . acquired by a limited liability company is property of the limited liability company and not of its members individually. A member has no interest in specific limited liability company property.")). In *Padawer*, the Connecticut Appellate Court further held ruled that the individual's "position as sole member, also, does not provide him with standing to recover individually for harm to the limited liability company." *Id*.

Lippmann therefore has not carried his burden to establish his standing to sue in his individual capacity. "The plaintiff bears the burden of establishing that he has Article III standing." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).; *see also Warth v. Seldin*, 422 U.S. 490, 518 (1975). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted). Because jurisdiction must be affirmatively demonstrated, inferences are not drawn in favor of the plaintiff, *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), and conclusory allegations "are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized," *Brown v. F.B.I.*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) (citation omitted).

### B. Wells Fargo does not dispute Plaintiff 36-38 North Water Street LLC's standing to bring a claim for breach of contract in the First Count.

In their Objection, Plaintiffs argue that Plaintiff 36-38 North Water Street LLC, who was the borrower under the note and mortgage, has standing to bring a claim for breach of contract. (*See* Objection at pp. 3-4.) Wells Fargo did not argue otherwise. Wells Fargo construed the First Count to assert a tort claim of misrepresentation.

### C. The First Count is time barred.

The Objection asserts that, to the extent that Plaintiff 36-38 North Water Street LLC asserts a claim for breach of contract in the First Count, it is not time barred. The argument fails because "[i]n cases where 'the liability of [the] defendant to the plaintiff, if any, is based on principles of tort law,' then 'the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint.'" *Drill Masters-Eldorado Tool, Inc. v. PCC Specialty Prod., Inc.*, 49 F. Supp. 3d 188, 204 (D. Conn. 2014) (quoting Air *Brake Sys., Inc. v. TUV Rheinland of N. Am., Inc.*, 699 F. Supp. 2d 462, 475-76 (D. Conn. 2010) (alterations in original)). Indeed, Plaintiffs have never identified what contract or specific purported contractual provision that Wells Fargo breached by allegedly requiring flood insurance, which is essential to plead such a claim. *See, e.g., Montanez v. D & D Auto, LLC*, No. 3:15-cv-397 (VAB), 2016 WL 1254199, at *12 (D. Conn. Mar. 29, 2016) (dismissing a Connecticut breach of contract claim because it failed to "identify with particularity the provision of the contract [the plaintiff] believes [the defendant] violated").

Plaintiffs also improperly seek here too, to add new facts in their Objection that are not alleged in their Complaint. The Complaint alleges that "on or about September 2013, Wells Fargo, without cause, represented that a policy of flood insurance was required . . . ." (Complaint at ¶ 8.) But in their Objection, Plaintiffs argue that Wells Fargo made such

4

representations not only in September 2013, but also in 2014 through 2016. (Objection at pp. 4-5.) They argue that "[a]ny one of the Defendant's actions in force placing the renewal policies would be actionable" and that they "have pleaded to the requirements by providing the precise statement of the Defendant - that unnecessary flood insurance was required - and the time of the statement, September 2013 and each year thereafter, through 2016." (*Id.*) New allegations cannot be considered in response to a motion to dismiss. The claim that is actually pled in the Complaint is barred by the three year tort statute of limitations.

### D.     The First Count fails to plead its allegations of fraud with particularity.

The Objection seeks to evade Wells Fargo's argument that the First Count is based on alleged fraud and therefore must plead its allegations of fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). It asserts that ". . . Defendant's argument on that issue is an attempt to characterize the Plaintiffs' claims as grounded in tort, for the purpose of presenting a statute of limitations claim." But "[b]y its terms, Rule 9(b) applies to '*all* averments of fraud.' Fed. R. Civ. P. 9(b). This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (emphasis added). Therefore, Wells Fargo stands on the briefing in its Motion. (*See* Motion at pp. 7-8, 10.)

### 2.     SECOND COUNT.

### A.     The Second Count's allegations of duty are conclusory and implausible.

Plaintiffs argue they established a viable source of duty for the Second Count because "the Second Count contains a precise source reference to the Defendant's obligation to secure the banking information: the deposit agreement." (Objection at pp. 5-6.) First, while Paragraph 17 of the Complaint does refer to "the deposit agreements between the parties," it also cites to "provisions of federal, state and common law regarding privacy, private information, protection

5

of private and personal data and disclosure of such data." A laundry list of eight other labels coupled with an oblique reference to a *deposit* agreement, *in a mortgage case*, cannot exactly be labeled a "precise source reference."

Plaintiffs' allegations remain entirely conclusory. No specific term or obligation in any deposit agreement is identified as allegedly prohibiting Wells Fargo from providing documents to Plaintiffs' lawyer in the midst of a dispute with Plaintiffs. They have not just failed to "nudge" their claims "across the line from conceivable to plausible," which, standing alone is grounds to grant motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). They have further failed to even plead "[a] claim that has facial plausibility" by "plead[ing] the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

### B. The Objection ignores the Economic Loss Doctrine.

The Objection does not address Wells Fargo's briefing that the economic loss doctrine bars the Second Count. Therefore, Wells Fargo stands on its Motion. (*See* Motion at pp. 12-13.)

### C. The Objection fails to defend Plaintiffs' claim of infliction of emotional distress in the Second Count.

The Objection does not address the arguments of Wells Fargo's Motion to dismiss their claim of intentional infliction of emotional distress in the Second Count. Therefore, Wells Fargo stands on its Motion. (*See* Motion at pp. 23-24.)

### D. The Complaint does not allege a cognizable claim of negligent infliction of emotional distress.

The Objection argues that "the Second Count alleges that the Defendant, for no apparent reason and without consent, began sending all banking information of Lippmann, the LLC and a separate, Lippmann-owned LLC (named 42 North Water Street, LLC to an unauthorized third party." (Objection at p. 6.) The Objection conveniently leaves out, however, that in their Complaint, Plaintiffs alleged that this purported unauthorized third party was "the legal counsel that Lippmann and the LLC had engaged to dispute the flood insurance" who had they had "retained in the course of the dispute with Wells Fargo regarding the flood insurance . . . ." (Complaint at Second Count, ¶¶ 16, 13, respectively.)

The Complaint fails to allege any facts beyond this bare conclusion that Wells Fargo "caused and continues to cause Lippmann emotional distress." (*Id*. at ¶ 19.) Unadorned allegations like these—allegations that Wells Fargo caused Plaintiffs emotional distress by providing their banking information to their lawyer who represented them in their dispute with the Bank—do not show a plausible claim for such relief.

Indeed, courts in this District require far, far more of a showing of a plausible claim for relief to hold that a negligent infliction of emotional distress claim is potentially actionable. *See, e.g.*, *Miller v. Imaging on Call*, No. 3:13-cv-00679 JAM, 2015 WL 150287 (D. Conn. Jan. 12, 2015). Unamplified allegations like these "that '[a]s a direct and proximate result of the actions of the defendants, [plaintiffs] have suffered severe emotional distress, mental anguish, humiliation and embarrassment" are "at most, threadbare recitations of an NIED cause of action and do not allege facts that could show that the emotional distress suffered 'was severe enough that it might result in illness or bodily harm.'" *Bowers v. U.S.*, 931 F. Supp. 2d 358, 372 (D. Conn. 2013) (quoting *Carrol v. Allstate Ins. Co.*, 262 Conn. 443, 444 (2003)). Here, the

7

Complaint does not even claim that the emotional distress was severe or could result in illness or bodily harm. Lippmann's claim for negligent infliction of emotional distress should be dismissed because it fails to set forth a plausible claim for such relief.

### 3.     THIRD COUNT.

#### A.     The Third Count does not meet the facial plausibility standard.

The Objection argues that "the [Third] Count as pleaded alleges violations of federal law, sufficiently enough for the Defendant to recognize the improper reporting as being a violation of the FCRA. As the pleading sufficiently apprises the Defendant of the claim, it is sufficient as a short and plain statement of the claim." (Objection at p. 9.) But "[a] complaint that includes only 'labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertion[s] devoid of further factual enhancement,' does not meet the facial plausibility standard." *Ramos v. Poore*, No. 3:15-CV-518 (VAB), 2017 WL 1362017, at *3 (D. Conn. Apr. 11, 2017) (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs' repeatedly labeling Wells Fargo's credit reporting as improper and a violation of the "Fair Credit Reporting Act" does not come close to satisfying the facial plausibility standard. Indeed, as argued in Wells Fargo's Motion, nowhere does the Complaint plead the requisite elements of an FCRA claim, let alone the facts to support one. (*See* Motion at pp. 27-28.)

#### B.     Wells Fargo did not overlook that the Third Count alleges federal law.

The Objection argues that the FCRA does not preempt the Third Count in its entirety because part of the count alleges a violation of federal law. (Objection at p. 8.) It claims that "the Count as pleaded alleges violations of federal law, sufficiently enough for the Defendant to recognize the improper reporting as being a violation of the FCRA." (*Id*. at p. 9.) The Complaint did not specify that, but nonetheless Wells Fargo's Motion anticipated that Plaintiffs might point to the FCRA since they were alleging, in part, "damage to the reputation and

8

personal credit history of Lipmann and the LLC." (Complaint, Third Count ¶ 14.)  So Wells Fargo's Motion showed that Plaintiff had not stated a claim in the Third Count for an FCRA violation because there is no private right of action to bring a claim for a furnisher's providing of inaccurate information to a consumer credit reporting agency unless the consumer has notified a credit reporting agency of a dispute regarding the information, the agency notifies the furnisher of the dispute, and the furnisher fails to conduct a reasonable investigation in accordance with the FCRA's requirements—none of which is alleged in the Complaint.  (*See* Motion at pp. 27-28.)  And Wells Fargo's Motion showed that any claim brought under state law (negligence, for example, is a state law) for injury to their credit based on allegedly inaccurate information furnished by Wells Fargo is preempted by the FCRA.  (*See* Motion at p. 29.)

      **C.**      **The economic loss doctrine bars recovery.**

The Objection does not address the economic loss doctrine.  Therefore, Wells Fargo stands on its briefing in the Motion that Plaintiffs' claims of personal injuries in the Third Count (*see* Complaint at ¶ 14) are barred by the economic loss doctrine. (Motion at pp. 12-13, 25.)

      **D.**      **The Third Count fails to state a plausible claim for infliction of emotional distress.**

The Objection does not address intentional infliction of emotional distress.  Therefore, Wells Fargo stands on the briefing of its Motion that Lippmann has not stated a plausible claim for intentional infliction of emotional distress in the Third Count.  (*See* Motion at pp. 22-24.)  Also, Lippman's claim for negligent infliction of emotional distress in the Third Count fails for the same reasons that his claim for negligent infliction of emotional distress in the Second Count fails.

**4.     FOURTH COUNT.**

     **A.     The Fourth Count Alleges No Cognizable CUTPA Violations at All.**

The Objection argues that the Fourth Count alleges a CUTPA violation for many reasons, not just a violation of the Connecticut Unfair Insurance Practices Act. Wells Fargo stands on the briefing of its Motion that the Fourth Count alleges no cognizable CUTPA violations, at all. (*See* Motion at pp. 30-33.)

     **B.     The Fourth Count fails to plead its allegations of fraud with particularity.**

The Objection also does not address Wells Fargo's argument that the Fourth Count is based on alleged fraud, and therefore must plead its allegations of fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). Therefore, Wells Fargo stands on its Motion. (*See* Motion at pp. 7-8, 30-31.)

**5.     PLAINTIFFS' HAVE NOT SUFFICIENTLY PLEAD A CLAIM FOR PUNITIVE DAMAGES.**

The Objection does not address Wells Fargo's briefing that Plaintiffs have not sufficiently pled a claim to justify an award of punitive damages. *See* Motion at 33. Therefore, Wells Fargo stands on the briefing of its Motion. (*See* Motion at p. 33.)

## CONCLUSION

Wherefore, and for the reasons set forth in Wells Fargo's Motion to Dismiss, Wells Fargo moves the Court to dismiss the Complaint.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By its attorneys,

/s/ David M. Bizar
David M. Bizar (CT20444)
dbizar@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4874
Facsimile: (617) 790-5368

Dated: September 19, 2017

## CERTIFICATE OF SERVICE

    I hereby certify that on September 19, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/ David M. Bizar
David M. Bizar
