# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

WALTER LIPPMANN and 36-38 NORTH
WATER STREET LLC,
    *Plaintiffs*,

v.

WELLS FARGO BANK, N.A.,
    *Defendant*.

No. 3:17-cv-918 (VAB)

# ORDER

On May 25, 2018, Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") moved to dismiss the Amended Complaint filed on March 26, 2018 by Walter Lippmann and 36-38 North Water Street LLC ("Plaintiffs"). Motion to Dismiss, dated May 25, 2018, ECF No. 32.

Before the Court turns to the merits of the motion, it must consider whether it has jurisdiction over this case, as the Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (citing *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005)).

At the time of removal, Wells Fargo represented that Plaintiffs were alleging both a federal claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and state law claims. *See* Notice of Removal, dated June 5, 2017, ECF No. 1, at 2. Wells Fargo therefore alleged two different bases for the Court's jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 over the federal claim and supplemental jurisdiction under 28 U.S.C. § 1441(a) over the state law claims; and (2) diversity jurisdiction under 28 U.S.C. § 1332 over all the state law claims. *Id.* at 3–6.

In the course of oral argument over the original Complaint, however, Plaintiffs' counsel

clarified that he was not making a claim under the FCRA. *See* Transcript of Proceedings, dated Jan. 30, 2018, ECF No. 27, at 23:12–24:13.

The Amended Complaint also does not appear to state a claim under the Fair Credit Reporting Act. *See* Amended Complaint, dated Mar. 26, 2018, ECF No. 26, at 7–9. Instead, it appears to reference that statute solely as a source of a duty to protect clients' privacy rights. *Id.* at 9, ¶ 15 ("The debit of the wrong account and reporting of delinquency was improper, unwarranted and without basis. Each time it occurred it was contrary to the rights of Lippmann and the LLC and the result of reckless indifference to those rights secured by the Mortgage and deposit agreements, and provisions of federal, state and common law regarding defamation of character, privacy, private information, protection of private and personal data, disclosure of such data and provisions of the Fair Credit Reporting Act."). As a result, there no longer appears to be any federal claim here.

This Court may only retain jurisdiction over the remaining state law claims if the case falls within its diversity jurisdiction under 28 U.S.C. § 1332. Defendant's Notice of Removal argued that there was complete diversity between the parties, and nothing in the pleadings leads the Court to find otherwise. *See* Notice of Removal at 4.

Less clear, however, is whether the amount in controversy in the Amended Complaint is greater than $75,000, as is required by the diversity jurisdiction statute.

Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111,

116 (2d Cir. 2002). Here, however, neither the original nor Amended Complaint assert the amount of damages sought.

At the January 25, 2019 oral argument on the motion to dismiss the Amended Complaint, Plaintiffs' counsel stated that he could not in good faith, at that time, state that more than $75,000 was in controversy. And while Defendant's counsel maintains that more than $75,000 is in controversy, Defendant has not supported that assertion with any facts in its Notice of Removal, or pointed to other facts in the record demonstrating that this is the case. *See* Notice of Removal at 5 (explaining Defendant's belief that amount in controversy is met because it "is dictated by Plaintiff's claims" and because Plaintiffs seek a variety of damages, interest, costs, attorney's fees, and punitive damages).

"The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Royal Ins. Co. v. Jones*, 76 F.Supp.2d 202, 204 (D. Conn. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). However, "[o]nly where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938)).

Where, as here, "the pleadings are inconclusive," "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement," so long as the stipulation is "legally binding on all plaintiffs." *Standard Fire Ins.*

3

*Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). The Second Circuit, however, has also made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000.00 or less once the jurisdictional threshold has been satisfied." *Luo*, 625 F.3d at 776.

Because the jurisdictional threshold has not been clearly satisfied, if Plaintiffs wish to stipulate that the amount in controversy is less than $75,000 and wish to be bound by that stipulation, they must do so and file any such stipulation with the Court by **February 15, 2019**.

**SO ORDERED** at Bridgeport, Connecticut, this 25th day of January, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE