**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

WALTER LIPPMANN and 36-38 NORTH
WATER STREET LLC,
    *Plaintiffs*,

v.

WELLS FARGO BANK, N.A.,
    *Defendant.*

No. 3:17-cv-918 (VAB)

**ORDER**

On January 25, 2019, the Court found that the amount-in-controversy jurisdictional threshold had not been clearly satisfied here and ordered that, if Walter Lippmann and 36-38 North Water Street LLC ("Plaintiffs") wished to stipulate that the amount in controversy is less than $75,000 and to be bound by that stipulation, they must file any such stipulation with the Court by February 15, 2019. Order, dated Jan. 25, 2019 ("1/25/19 Order"), ECF No. 43.

On February 15, 2019, Plaintiffs filed the following stipulation in response to that Order: "The Plaintiffs stipulate that, at present, the amount in controversy is less than Seventy Five Thousand and no/100 ($75,000) U.S. Dollars." Stipulation, dated Feb. 15, 2019, ECF No. 44.

That same day, Wells Fargo Bank, N.A. ("Defendant") moved for the Court to stay a remand pending an opportunity to file a brief or, in the alternative, for the Court to reject Plaintiffs' stipulation as insufficient. Defendant's [Corrected] Motion to Stay Remand, dated Feb. 15, 2019, ECF No. 46. Wells Fargo argues that the stipulation is not in compliance with the Court's Order, or with the authority cited to in the Court's Order, because it is not a binding stipulation that Plaintiffs will continue to claim less than the jurisdictional amount. *Id.* ¶ 6. To date, Plaintiffs have not responded to that motion.

The Court agrees.

The Court's Order required that any stipulation as to the amount in controversy must bind the Plaintiffs, citing the U.S. Supreme Court's holding that Plaintiffs may obtain a remand to state court "'by stipulating to amounts at issue that fall below the federal jurisdictional requirement,' so long as the stipulation is 'legally binding on all plaintiffs.'" 1/25/19 Order at 3 (quoting *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 595–96 (2013)).

Because the stipulation filed by Plaintiffs does not bind them to continue to seek less than $75,000 after a remand, it cannot serve to clarify an otherwise ambiguous amount in controversy. *See Williams v. Target Corp.*, No. 3:17-cv-1263 (VAB), 2017 WL 4678180, at *2 (D. Conn. Oct. 17, 2017) (finding amount in controversy properly clarified where plaintiff stipulated: (1) not to seek a judgment against defendant for an amount greater than $75,000; (2) that no judgment shall enter against defendant for a sum greater than $75,000, exclusive of interest and costs, and that should the finder of fact return a verdict in plaintiff's favor in an amount greater than $75,000, the verdict will be reduced to $75,000 and judgment will enter for that amount, exclusive of interest and costs; and (3) that should she see seek to join additional defendants to this action who were agents, employees, or servants of Target, the total judgment or award as against all defendants shall not exceed $75,000, exclusive of interest and costs) (internal citations omitted).

Absent a similarly-binding stipulation, the Court will not remand this action. Accordingly, the Court rejects Plaintiffs' stipulation.

Plaintiffs may file a corrected, binding stipulation by **March 4, 2019**. If no such stipulation is filed, the Court will address the pending motion to dismiss.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of February, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE