UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALTER LIPPMANN and 36-38 NORTH
WATER STREET LLC,
    *Plaintiffs*,

v.

WELLS FARGO BANK, N.A.,
    *Defendant*.

No. 3:17-cv-918 (VAB)

**RULING AND ORDER REMANDING CASE**

On January 25, 2019, the Court considered the question of whether it had subject matter jurisdiction over this case under its "'independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.'" Order, dated Jan. 25, 2019 ("1/25/19 Order"), ECF No. 43, at 1 (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). The Court noted that while, at the time of removal, Wells Fargo Bank, N.A. ("Defendant") represented that Walter Lippmann and 36-38 North Water Street LLC ("Plaintiffs") were alleging a federal claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Plaintiffs' Amended Complaint alleged only state law claims. *Id.* at 1–2.

The Court then found, in examining whether the state law claims fell within its diversity jurisdiction under 28 U.S.C. § 1332, that the amount in controversy had not been clearly satisfied, as neither the original nor the Amended Complaint asserted the amount of damages sought by Plaintiffs. *Id.* at 3. The Court further found that "while Defendant's counsel maintains that more than $75,000 is in controversy, Defendant has not supported that assertion with any facts in its Notice of Removal, or pointed to other facts in the record" supporting that claim. *Id.*

The Court thus ordered Plaintiffs, if they wished to stipulate that the amount in controversy is less than $75,000 and to be bound by that stipulation, to file any such stipulation

by February 15, 2019. *Id.* at 4; *see also id.* at 3 ("'[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement,' so long as the stipulation is 'legally binding on all plaintiffs.'") (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013)).

On February 15, 2019, Plaintiffs filed the following stipulation in response to that Order: "The Plaintiffs stipulate that, at present, the amount in controversy is less than Seventy Five Thousand and no/100 ($75,000) U.S. Dollars." Stipulation, dated Feb. 15, 2019, ECF No. 44.

That same day, Wells Fargo moved for the Court to stay a remand pending an opportunity to file a brief or, in the alternative, for the Court to reject Plaintiffs' stipulation as insufficient. Defendant's [Corrected] Motion to Stay Remand, dated Feb. 15, 2019, ECF No. 46. Wells Fargo argued that the stipulation was not in compliance with the Court's Order, or with the authority cited to in the Court's Order, because it was not a binding stipulation that Plaintiffs would continue to claim less than the jurisdictional amount. *Id.* ¶ 6.

On February 26, 2019, the Court agreed with Wells Fargo and rejected Plaintiffs' stipulation as it did not properly bind Plaintiffs to continue to seek less than $75,000 and thus could not "serve to clarify an otherwise ambiguous amount in controversy." Order, dated Feb. 26, 2019, ECF No. 47, at 2. The Court granted Plaintiffs leave, however, to file a corrected, binding stipulation by March 4, 2019. *Id.*

On February 28, 2019, Plaintiffs filed the following stipulation:

> The Plaintiffs stipulate that (1) no judgment shall enter against the Defendant greater than Seventy Five Thousand and no/100 ($75,000) U.S. Dollars, exclusive of interest and costs (hereinafter, '$75,000'); (2) should the finder of fact return a verdict in Plaintiffs' favor in an amount greater than $75,000, the verdict will be reduced to $75,000 and judgment will enter for that amount, exclusive of interest and costs; and (3) if Plaintiffs seek to join additional

2

> defendants to this action, who were agents, employees or servants of the Defendant, the total judgment or award as against all defendants shall not exceed $75,000, exclusive of interest and costs.

Amended Stipulation as to Amount Claimed, dated Feb. 28, 2019 ("Am. Stip."), ECF No. 48.

With this binding stipulation, Plaintiff "have shown that the amount in controversy is insufficient under 28 U.S.C. § 1332." *Williams v. Target Corp.*, No. 3:17-cv-1263 (VAB), 2017 WL 4678180, at *2 (D. Conn. Oct. 17, 2017) (finding amount in controversy properly clarified where plaintiff stipulated: (1) not to seek a judgment against defendant for an amount greater than $75,000; (2) that no judgment shall enter against defendant for a sum greater than $75,000, exclusive of interest and costs, and that should the finder of fact return a verdict in plaintiff's favor in an amount greater than $75,000, the verdict will be reduced to $75,000 and judgment will enter for that amount, exclusive of interest and costs; and (3) that should she see seek to join additional defendants to this action who were agents, employees, or servants of Target, the total judgment or award as against all defendants shall not exceed $75,000, exclusive of interest and costs) (internal citations omitted). This stipulation "clarifies, rather than amends, an otherwise ambiguous amount in controversy." *Id.* (citing *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014)).

Out of "respect for the limited jurisdiction of the federal courts," *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007), this case is hereby **DISMISSED AND REMANDED** to the Connecticut Superior Court in the Judicial District of New Haven.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of March, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE